· STATE v. REINHART.

(*Nashville.* February 22, 1893.)

1. COSTS. *Of attachment proceedings for witnssses in criminal cases, how taxed.*

The costs of attachment proceedings had in a criminal case to compell attendance of witnesses, if not adjudged against the witnesses, are taxable as costs of the cause in which the witnesses were required to testify.

Code construed: § 6453 (M. & V.); § 5577 (T. & S.).

2. SAME. *Same.*

And the defendant is liable, upon conviction, for costs incurred by reason of attachments for State witnesses, when the witnesses are exonerated from payment of costs.

---

FROM MONTGOMERY.

---

Appeal from the Criminal Court of Montgomery County. C. W. TYLER, J.

Attorney-general PICKLE for State.

WM. M. DANIEL for Defendant.

LURTON, C. J. The defendant was convicted of horse-stealing. Certain witnesses for the State, and others for the defendant, were duly subpœnaed to appear and testify. They failed to obey the process of the Court. Thereupon, an order was entered,

reciting that they were "under subpœna as wit-
nesses in this case," and that they had willfully
failed to appear, and "that attachments issue for
them, and that they be brought into Court to tes-
tify, and be held in custody until they appear and
testify." Attachments did accordingly issue, and
the recalcitrant witnesses were arrested and brought
into Court.

The record then recites that these witnesses did
appear and testify under the attachments, "and that
the Court being satisfied that, by reason of high
water, they were unable to attend and testify yes-
terday, as summoned, it is ordered by the Court
that they be discharged from custody."

The Court thereupon ordered that all the costs
incident to the attachments be taxed against the de-
fendant, "as part of the costs in this cause." It is
now insisted that this was error, and that the costs
incident to a proceeding by attachment against a wit-
ness is not properly costs of the cause in which he
was summoned, but is costs in a separate and distinct
proceeding, in the name of the State and against the
witness, and should be taxed in the contempt pro-
ceedings. When a witness has been duly sum-
moned, he is bound to appear in pursuance of the
subpœna; and if he willfully neglects to appear,
he is guilty of a contempt of the process of the
Court, and may be proceeded against by an at-
tachment. 1 Greenleaf on Evidence, Sec. 319.

This author says:

"It has sometimes been held necessary that the

·cause should be called on for trial, the jury sworn, .and the witness called to testify; but the better opinion is that the witness is to be deemed guilty ·of contempt whenever it is distinctly shown that he is absent from Court with intent to disobey the writ of subpœna, and that the calling of him in Court is of no other use than to obtain ·clear evidence of his having neglected to appear; but that is not necessary if it can .be clearly ·shown by other means that he has disobeyed the ·order of the Court." *Supra,* Sec. 319.

Code (M. & V.), § 4881, embodies this common law proceeding, and makes the willful disobedience ·" of any lawful writ, process, order, rule, decree, or command" of a Court a contempt, and author-izes the issue of an attachment for the offender.

In Caruthers' History of a Lawsuit it is said: ·" If the witness willfully fails to attend, it is a ·contempt of Court, and the party may have an .attachment forthwith to bring him in, without any previous rule on him to show cause.     *     *     *     The Court must have satisfactory evidence of the willfulness of his absence—usually the affidavit of the party—to warrant an attachment." Sec. 307, ·old edition.

This remedy does not proceed upon the ground ·of any damages sustained by the party moving for the attachment, but is instituted to vindicate the dignity of the Court. 1 Greenleaf on Evi-dence, Sec. 319.

A witness failing to attend is liable to the party

summoning him for all damages sustained by reason of his failure to appear and testify. In, a civil case he is also liable to forfeit the sum of $125, to be recovered by *scire facias*. Code (M. & V.), § 4574. In a criminal case the same remedy exists, the penalty for failure to attend being increased to $250. Code (M. & V.) § 4575.

Neither of these remedies—the forfeiture of a penalty and the action for damages—may result in bringing the witness to testify in the particular case. They are the *private remedies of the parties injured by non-attendance.* The dignity of the Court is not vindicated by resort to them, nor is the testimony elicited. The attachment is resorted to in the case in which the contempt was committed, and for the double purpose of securing the evidence of the disobedient witness and to vindicate the Court. It is a proceeding incident to the principal cause, and the expense incident may properly be taxed as a part of the costs of the cause. The issuing of these attachments were but an incident to the trial of the defendant, and were necessary that the trial might proceed. The defendant was entitled, under the Constitution, to compulsory process for his witnesses, and the cost incident to such right is clearly costs in the cause. These costs might have been taxed to the disobedient witnesses, but when they purged themselves of contempt the costs properly became costs in the cause.

Section 6453, Code (M. & V.), provides that

18—8 P

"the costs which may be adjudged in criminal cases include all costs incident to the arrest and safe-keeping of the defendant before and after conviction, due and incident to the prosecution and conviction, and incident to the carrying of the judgment or sentence into effect."

Under this provision, we think there was no error in taxing the costs incident to the attachment proceedings as costs of the cause.

Judgment affirmed.